UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. CR21-174 JCC |
| v. | DETENTION ORDER |
| ANGELIQUE MARIE EASTON, | |
| Defendant. | |

## I.   INTRODUCTION

This matter is before the Court on Defendant Angelique Easton's motion to reopen detention, set a hearing pursuant to 18 U.S.C. § 3142(e), and consider release on conditions. (Mot. (dkt. # 528).) The government opposes Ms. Easton's motion. (Resp. (dkt. # 532).) Having considered the parties' submissions, the supplemental pretrial service report, the balance of the record, and the governing law, the Court DENIES Defendant's motion.

## II.   BACKGROUND

Ms. Easton seeks to be released in order to care for her brother, who recently was the victim of a gunshot wound to the head. (Mot. at 1-2.) She states he "could be discharged from the hospital as early as this week." (*Id.* at 2.) The government contends Ms. Easton's brother's condition, while unfortunate, has no material bearing on the flight risk and danger to the community that Ms. Easton

poses. (Resp. at 1.) The government maintains continued detention is appropriate, given the seriousness of her admitted offense conduct, her criminal history, and "her extensive warrant and failure to appear history[.]" (*Id.* at 2.) Ms. Easton is currently in custody as her bond was revoked on February 28, 2023. In the Order Revoking Bond, the Court found:

> On November 15, 2021, Ms. Easton had her first appearance on the underlying charge in this case. (Dkt. ## 93, 95.) At the hearing, Ms. Easton stipulated to detention. (*Id.*) The Court found that Ms. Easton posed a risk of nonappearance due to her history of failure to appear, convictions for bail jumping, use of multiple aliases, use of alternative birth dates and Social Security numbers, and noncompliance while under supervision. (Dkt. # 95.) On February 24, 2022, Ms. Easton moved to reopen her detention hearing to be released to sober transitional housing. (Dkt. # 243.) The Court held a hearing on the motion on March 23, 2022, and Ms. Easton was released on an appearance bond that included restrictions that she not commit any violations of law, not consume drugs or alcohol, submit to a drug and alcohol evaluation and follow-up with any treatment recommendations, and that she comply with certain location monitoring conditions. (Dkt. ## 256-57.)

> On July 1, 2022, a noncompliance report was forwarded to the Court advising that Ms. Easton violated the conditions of her bond by consuming methamphetamine. (Dkt. # 307.) On August 30, 2022, another noncompliance report was forwarded to the Court advising that Ms. Easton violated the conditions of her bond by consuming alcohol. (Dkt. # 341.) On October 17, 2022, a noncompliance report was forwarded to the Court advising that Ms. Easton violated the conditions of her bond by consuming cocaine. (Dkt. # 376.) On November 23, 2022, a violation petition was submitted to this Court alleging that Ms. Easton violated the conditions of her bond by leaving her residence without permission and deviating from her approved pass. (Dkt. ## 384-85.) The Court summonsed Ms. Easton to a hearing to address the allegations in the petition. (*Id.*) On December 12, 2022, the Court held a hearing on the bond violations and Ms. Easton admitted to both violations. The Court ordered Ms. Easton's bond to remain with the same conditions. (Dkt. # 415.)

> On January 30, 2023 and February 13, 2023, Probation and Pretrial Services filed additional allegations that Ms. Easton violated the terms and conditions of her bond by failing to comply with her location monitoring by deviating from approved passes on January 16, 2023, and on January 21, 2023, (dkt. # 440), and by failing to participate as directed in substance abuse treatment and by failing to comply with her location monitoring by deviating from an approved pass on February 2, 2023 (dkt. # 451). The Court issued an arrest warrant based on the new allegations. (Dkt. # 439.)

On February 14, 2023, Ms. Easton was arrested and made her appearance at a bond revocation hearing before the Undersigned. She was advised of her rights in connection with the Petition for Summons for Defendant, Report of Supplemental Violations, and of her bond violation allegations. Ms. Easton admitted to the violations of her location monitoring conditions, but denied failing to participate in substance abuse treatment. (Dkt. # 457.) An evidentiary bond revocation hearing on Ms. Easton's denied allegation was set by the Court for February 28, 2023. On February 28, 2023, Ms. Easton admitted to failing to participate in substance abuse treatment. (Dkt. # 473.)

The Court, having considered the information provided by the government regarding Ms. Easton, Ms. Easton's repeated failures to comply with the location monitoring conditions and substance abuse treatment requirements, and based upon the reasons for detention hereafter set forth and as stated on the record, finds:

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1)     On March 23, 2022, Ms. Easton was released on an appearance bond that included restrictions that she comply with location monitoring and substance abuse conditions.

(2)     Ms. Easton admits to failing to abide by the terms of her bond, as set forth in the bond violation allegations 1-3, concerning her failure to comply with her location monitoring conditions and failure to comply with substance abuse treatment.

(3)     Based on the admissions that she failed to adhere to the appearance bond conditions, the Court finds there is clear and convincing evidence that Ms. Easton violated her bond conditions, and the Court finds by a preponderance of the evidence that Ms. Easton is unlikely to abide by any conditions set by the Court. 18 U.S.C. § 3148(b).

(Dkt. # 476.) Ms. Easton subsequently entered a plea of guilty to the lesser included charge in Count 1 of the First Superseding Indictment on April 3, 2023. (Dkt. # 520.)

## III.     DISCUSSION

Ms. Easton requests to reopen her detention hearing, asserting a change in circumstance that is new and material to the decision whether to release or detain under the Bail Reform Act, 18 U.S.C. § 3142. Defendant's request to reopen the hearing is based on 18 U.S.C. § 3142(f)(2), which provides that a detention hearing may be reopened "if the judicial officer finds that

information exists that was not known to the movant at the time of the hearing and that has a

material bearing on the issue whether there are conditions of release that will reasonably assure

the appearance of such person as required and the safety of any other person and the

community." The Court does find that Ms. Easton has presented new information that was not

known to her at the time of the last hearing. There is no dispute that Ms. Easton's brother was

recently hospitalized for a gunshot wound. The question is whether this new information is

material to the Court's decision to detain Ms. Easton. It is not.

Ms. Easton's bond was revoked because the Court concluded that she was unlikely to

abide by the conditions of her appearance bond. The new information provided to the Court is

not material to the issue of whether Ms. Easton will comply with conditions of her appearance

bond. Nor is the new information material to whether she is a flight risk or a danger to the

community. The information regarding the need for Ms. Easton to care for her brother is

conflicting. *Compare* Mot. (Dkt. # 528 at 2) (Ms. Easton states that she needs to be released to

"help look after [her brother].") *with* Sec. Supp. PTS Report (Dkt. # 538) at 4 ("I contacted the

trauma social worker identified in the letter submitted by defense counsel, which I initially noted

supported only a visit from Mrs. Easton. In our conversation, Ms. Tanya Copenhaver did not

support the notion that Mr. Knowles required his sister's assistance. Ms. Copenhaver advised

Mr. Knowles has no remaining massive injuries and is 'totally independent.'").

## IV.   CONCLUSION

For the foregoing reasons, the Court DENIES Ms. Easton's motion (dkt. # 528). The

Clerk is directed to send copies of this order to the parties and to the Honorable John C.

Coughenour.

//

1    Dated this 21st day of April, 2023.

2

3

4    MICHELLE L. PETERSON
     United States Magistrate Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23