THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>ANGELIQUE MARIE EASTON,<br><br>　　　　　　　　Defendant. | CASE NO. CR21-0174-JCC-12<br><br>ORDER |

　　　　This matter comes before the Court on Defendant's *pro se* motion to reduce her sentence pursuant to Amendment 821 of the United States Sentencing Guidelines ("USSG") and 18 U.S.C. § 3582(c)(2) (Dkt. No. 706). Having considered the briefing and the relevant record, the Court hereby DENIES the motion for the reasons explained herein.

　　　　Defendant was sentenced on June 27, 2023, after pleading guilty to conspiracy to distribute controlled substances. (*See* Dkt. No. 579 at 1.) At sentencing, the Court calculated Defendant's total offense level to be 33, with Defendant falling in criminal history Category VI. (*See* Dkt. No. 565 at 12, 19.) This resulted in a sentencing guidelines range of 235 to 293 months. (*Id.* at 25.) The Court then imposed a custodial sentence of 72 months. (*See* Dkt. No. 579 at 2.)

　　　　Defendant now asks for a reduction pursuant to Amendment 821 to the USSG. (*See* Dkt. No. 706.) While she does not specify which sections of the amendment she believes are

applicable,[1] there are two possible sections of the amendment that she could rely on: Part A and Part B, Subpart 1. However, she does not qualify for a reduction under either.

Part A alters the number of points added for defendants who were under a criminal justice sentence when they committed the offense. *See* USSG § 4A1.1(e). Defendant did not receive any such points and there was no evidence that she was under any criminal justice sentence at the time of her offense. (*See generally* Dkt. No. 565.) Because it does not affect her criminal history category or sentencing range, she cannot receive a reduction under this section.

Part B, Subpart 1 of the amendment provides a two-level reduction in the offense level for certain zero-point offenders—that is, defendants with no criminal history whose offenses meet the guideline's criteria. *See* USSG § 4C1.1(a). Here, Defendant received 15 criminal history points, and thus does not qualify for this reduction.[2] (*See* Dkt. No. 565 at 19.)

Accordingly, Defendant's motion to reduce her sentence (Dkt. No. 720) is DENIED.

DATED this 16th day of April 2024.

_____
John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[1] Defendant broadly claims that she "qualif[ies] for the Criminal History category for a sentence reduction" and requests that the Court apply "the proper reduction." (Dkt. No. 706 at 1.)

[2] Defendant is additionally disqualified for this reduction under USSG § 4C1.1(a)(7) because she possessed a semi-automatic pistol in connection with her offense. (*See* Dkt. No. 565 at 11.)